■ ANDREW AKERMAN, an Infant, by His Father and Natural Guardian, ALEXANDER AKERMAN, et al., Appellants, v CITY OF NEW YORK, Respondent. [604 NYS2d 165] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Lerner, J.), dated July 23, 1991, which granted the defendant's motion for summary judgment dismissing the complaint and denied the plaintiffs' cross motion to "limit factual issues", (2) so much of an order of the same court, dated October 4, 1991, as, upon reargument, adhered to the original determination, and (3) a judgment of the same court, entered November 18, 1991, which dismissed the complaint and awarded the defendant costs.

Ordered that the appeal from the order dated July 23, 1991, is dismissed, as that order was superseded by the order dated October 4, 1991, made upon reargument; and it is further,

Ordered that the appeal from the intermediate order dated October 4, 1991, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendant's motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that the orders dated July 23, 1991, and October 4, 1991, are modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the intermediate order dated October 4, 1991, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order dated October 4, 1991 are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court erred in granting summary judgment to the defendant based on its belief that no reasonable jury could find for the plaintiffs. Even assuming that the defendant made a prima facie showing of entitlement to judgment as a matter of law, the plaintiffs met their burden of producing evidence sufficient to establish the existence of material issues of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). Specifically, the plaintiffs produced evidence sufficient to establish issues as to whether the infant plaintiff dove in the direction of the

jetty, whether he hit the jetty, whether the jetty was completely submerged in the water with no warning signs, and whether his injuries were proximately caused by the lack of warning.

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Sullivan, Rosenblatt and Ritter, JJ., concur.